# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL SANTIAGO,** | : | |
| **Petitioner,** | : | **CIVIL NO. 1:10-1412** |
| **v.** | : | **(CONNER D.J.)** |
| **H.L. HUFFORD,** | : | **(MANNION, M.J.)** |
| **Respondent.** | : | |

# REPORT AND RECOMMENDATION

## I. Background and Procedural History.

On July 7, 2010, the petitioner Samuel Santiago filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The petitioner named as respondent H.L. Hufford, Warden at the Schuylkill Federal Correctional Institute ("FCI Schuylkill") in Minersville, Pennsylvania where petitioner was an inmate at the time he filed his Habeas Petition. The petitioner paid the filing fee. (Doc. 4).

The Court issued a Show Cause Order on October 4, 2010, and directed the respondent to answer the petition. (Doc. 5). On October 25, 2010, the respondent filed a response to the Habeas Petition with supporting exhibits. (Doc. 6). On November 12, 2010, the petitioner filed a traverse. (Doc. 7).

The petitioner was arrested in Bronx, New York. (Doc. 6, Ex. 1). On February 2, 1994, he was arrested for "criminal possession of a weapon, third degree" and was released on bond on February 8, 1994. *Id.*

On May 6, 1994, the petitioner was returned to state custody on the

criminal possession of a weapon charge. *Id.*

On June 21, 1994 the United States Marshals Service ("USMS") borrowed the petitioner from state custody via a writ of habeas corpus *ad prosequendum* to answer federal charges in the United States District Court for the Southern District of New York. *Id.* He remained in federal custody through June 17, 1996 when he was returned to the New York State authorities. *Id.*

On August 21, 1996, the petitioner was sentenced in the Bronx County Supreme Court to two (2) to four (4) years imprisonment for the criminal possession of a weapon charge. *Id.* The petitioner was also sentenced on a separate case to term of eighteen (18) months to three (3) years for bail jumping, second degree. *Id.*

On August 23, 1996, the USMS again borrowed the petitioner from state custody via a writ of habeas corpus. *Id.* On January 31, 1997, the petitioner was sentenced by the United States District Court for the Southern District of New York to a two hundred forty (240) month term of imprisonment for violent crimes in aid of racketeering, in violation of 18 U.S.C. §1961. *Id.* The District Court specified that the sentence was to run "concurrent to any remaining state convictions." *Id.*

The petitioner was returned to state custody on January 31, 1997 to continue serving his state sentence. *Id.*

On October 9, 2002, the petitioner was released from his New York State sentences and taken into custody by the USMS to complete service of his federal sentence. *Id.* Under 18 U.S.C. §3621(b), the Federal Bureau of Prisons ("BOP") provided the petitioner with a retroactive/concurrent designation resulting in the service of his federal sentence in a state facility.

*Id.* Therefore, the petitioner's federal sentence was computed as commencing on January 31, 1997, the date he was sentenced despite his return to state custody after he was sentenced. *Id.*

The BOP computed the petitioner's sentence with credit for time served: 1) February 2, 1994 through February 8, 1994; 2) May 6, 1994 through August 20, 1996; and 3) from January 31, 1997 through October 9, 2002 with a total credit of eight hundred forty five (845) days applied to his federal sentence. *Id.* The petitioner's projected date for release was calculated as March 23, 2012 with good conduct time. *Id.*

Petitioner's contention in his Habeas Petition is that the:

> detention is unlawful because: 1) it was my Federal Sentencing Judge's intention that I receive my State jail credits; 2) the U.S. Sentencing Guidelines at Section 5G1.3(b)-(c) and 5K2.23 provide jurisdiction and authority for my Judge to grant me the State jail credits; 3) it is the duty of Respondent to contact federal sentencing courts for clarification of prisoner's sentences; 4) Respondent has failed to put forth a good faith effort to properly ascertain my Federal Sentencing Judge's intentions; and Respondent has failed to follow demonstrative case precedent in applying my State jail credits.

(Doc. 1, p. 6).

The petitioner indicates that he has exhausted his administrative remedies through the BOP on May 4, 2010 and does not have any appeals pending in either state or Federal Court. (Doc. 1, p. 7). The petitioner further contends that he has not received credit for August 20, 1996 through January 31, 1997 when he was in custody of New York state. (Doc. 2, p. 4).

In the instant petition for habeas relief, the petitioner seeks an order directing the BOP to credit his sentence to reflect time served for all time he was confined by state authorities. (Doc. 1, Doc. 2). The respondent argues that the petitioner's criminal sentence and release date have been computed correctly. (Doc. 6). For the reasons set forth below, it is recommended that

3

the petition be **DENIED**.

## II. Discussion.

The Attorney General has delegated authority to the Director of the BOP to compute federal sentences for offenses. See 18 U.S.C. §3585; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Computation of a federal sentence is governed by 18 U.S.C. §3585 and is comprised of two factors: 1) the date on which the federal sentence commences, and 2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence. 18 U.S.C. §3585(a) provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. §3585(a). In elaborating on §3585, the BOP has logically determined that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." BOP Program Statement 5880.28, Sentence Computation Manual, at 1-13 (Feb. 21, 1992).

Under certain circumstances, a federal defendant is entitled to "jail time credit," or credit for custody prior to the sentences commencement or imposition:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

4

18 U.S.C. §3585(b).

But, as the statutory language clearly indicates, a federal defendant is not entitled to double credit, that is, credit against his current federal sentence based on a term of imprisonment that is credited to another sentence. *Rios v. Wiley*, 201 F.3d 257, 274-75 (3d Cir. 2000)*, abrogated in part on other grounds by statute*. The prohibition on double credit includes the circumstances when a state prisoner is temporarily removed to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. In that instance, the federal defendant may not receive credit for the time he was in federal custody pursuant to the writ against the federal sentence imposed as a result of that prosecution. *Id*. Under the primary jurisdiction principle, the federal defendant in fact continues to serve his state sentence while he is in federal custody. *Id.* "[T]he writ merely 'loans' the prisoner to federal authorities" without affecting the term of his prior state sentence. *Id.* As the Third Circuit has held, "the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Id.*

Pursuant to 18 U.S.C. §3584, a federal sentencing court may impose a sentence that runs concurrent to a state sentence. It states, in pertinent part:

> **(a) Imposition of concurrent or consecutive terms.** - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole object of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run

> consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. §3584(a).

In the case at bar, the petitioner was given credit for time served on his federal sentence from January 31, 1997 despite the fact that he was in state custody until October 9, 2002. The District Court specified that the sentence was to run "concurrent to any remaining state convictions." (Doc. 6, Ex. 1).

The petitioner asserts that he should have received credit for time he spent in state custody prior to the imposition of his federal sentence which commenced on January 31, 1997. The petitioner is seeking credit from August 20, 1996 through January 31, 1997 when he was in custody of New York state.

The respondent submitted a declaration by Andrew Roush ("Roush"), a Management Analyst and Specialist at the Designation and Computation Center ("DSCC") for the BOP. (Doc. 6, Ex. 1). Roush stated that the petitioner was taken into state custody on February 2, 1994 and released on bond February 8, 1994. On May 6, 1994, the petitioner was returned to state custody on the criminal possession of a weapon charge. From June 21, 1994 through June 17, 1996 the petitioner was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* and then returned to state custody.

Roush stated that on August 21, 1996, the petitioner was sentenced by the Bronx County Supreme Court to a term of two (2) to four (4) years on the charge of criminal possession of a weapon third degree charge. The petitioner was also sentenced on a separate case to a term of eighteen (18) months to three (3) years for bail jumping second degree. On August 23, 1996, the

petitioner was once again borrowed from state custody by federal writ.

Roush further stated that the petitioner was sentenced on January 31, 1997 by the United States District Court for the Southern District of New York to a two hundred forty (240) month term of imprisonment for violent crimes in aid of racketeering, in violation of 18 U.S.C. §1961 which the District Court specified was to run "concurrent to any remaining state convictions." The petitioner was returned to the primary custody of New York to continue serving his state sentences on January 31, 1997.

On October 9, 2002, the petitioner was released from his New York state sentences and taken into custody of the USMS to complete his federal sentence.  Roush indicated that pursuant to the Judgment in a Criminal Case, the BOP gave the petitioner a retroactive/concurrent designation under 18 U.S.C. §3621(b) resulting in the service of his federal sentence in a state facility. Therefore, his federal sentence was computed as commencing on January 31, 1997, the date of his sentencing on the federal charges. The petitioner received additional credit for time served for February 2, 1994 through February 8, 1994 and May 6, 1994 through August 20, 1996. Altogether the plaintiff received eight hundred forty-five (845) days of credit applied to his federal sentence with a projected release date of March 23, 2012.

The petitioner received credit towards his federal sentence from January 31, 1997, the date of his sentencing on the federal charges despite the fact that he was returned to serve his state sentence until October 9, 2002. The credit petitioner is seeking from  August 20, 1996 through January 31, 1997 when he was in custody of New York state is imprisonment time which is solely attributable to his state sentence. The petitioner received credit from

the date of his federal sentencing which is consistent with the District Court's Order specifying "concurrent to any remaining state convictions" and 18 U.S.C. §3584(a). Thus, in light of the foregoing, it appears that the BOP properly computed the petitioner's sentence.

## III.     Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT** the petition for writ of habeas corpus, **(Doc. 1)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 9, 2012

O:\shared\REPORTS\2010 Reports\10-1412-01.wpd

8